## Stewart v. Franklin County Commissioners

*Black & Davison,* for petitioners.

*R. Harry Bittle* and *John W. Keller,* county solicitor, for respondents.

EPPINGER, P. J., February 4, 1966.—On April 28, 1960, petitioners Robert Stewart and Waldo Stewart purchased property located in Fannett Township, Franklin County, Pa., formerly owned by Charles A. Buchanan and Esther M. Buchanan, husband and wife (the latter deceased), at a tax sale at their bid of $1,650. Return of the sale was made to the court on May 9, 1960, and was confirmed 60 days thereafter.

On the day of the sale, petitioners paid taxes, costs and interest in the amount of $74.26 and also paid the county treasurer $412, being 25 percent (or nearly 25 percent) of the purchase price. After confirmation on July 11, 1960, a surplus money bond in the amount of $1,163.74 was filed by petitioners, apparently for the amount of the bid, less taxes, interest, costs and $412, the sums already paid. On June 29, 1965, judgment entered on the bond against petitioners was satisfied after the sum of $1,163.74, without interest, was paid by petitioners to Charles Buchanan, who agreed to waive interest.

This matter comes before the court on a petition of the Stewarts to direct the Commissioners of Franklin County, to whom the $412 had been paid by the county treasurer, to return the sum to them. A rule was issued upon the commissioners and Charles A. Buchanan to show cause why the prayer of the petition should not be granted.

Charles A. Buchanan, in his answer, alleged that the fund in dispute was a part of the purchase price paid by petitioners and, as such, should be paid over to him. The county commisioners filed a petition for interpleader, requesting the court to join Charles A. Buchanan as a party-petitioner, claiming they were merely stakeholders. Buchanan was joined as a party-petitioner. The question is: Who gets the $412, the purchasers or the former owner?

All agree this matter is governed by the Act of May 29, 1931, P. L. 280, sec. 10, as amended by the Act of January 31, 1956, P. L. 968, sec. 1, 72 PS §5971j. The pertinent provisions of the act are as follows:

"It shall be the duty of the purchaser or purchasers at this treasurer's sale, as soon as the property is struck down, to pay (i) the amount of the purchase money, or (ii) such part thereof as may be necessary to pay all taxes, except such taxes as have heretofore been filed as liens in the office of the prothonotary, and all interest, and costs, and also one dollar and fifty cents for the use of the prothonotary for entering the report of the treasurer and acknowledgment of the treasurer's deed, as hereinafter mentioned, plus an additional amount equal to twenty-five per centum of the purchase money. In case said amount is not forthwith paid after the property is struck down, the sale shall be avoided and the property immediately put up again by the said treasurer. In the event the purchaser fails to later make complete settlement at the time and in the manner provided for in this act, any money paid under the provisions of this section shall be forfeited and shall be disposed of the same as purchase money.

"Any such property, for which an amount sufficient to pay such taxes, interest, and the costs is not bid, shall be purchased by the county commisioners, in which event the requirements of the preceding paragraph of this section shall not apply".

Petitioners say they settled under procedure (ii) above and insist they have met all requirements, that the former owner is entitled only to the amount of the surplus money bond filed in this case and that petitioners are entitled to a refund of the $412.

The complete settlement mentioned in section 10 of the Act of May 29, 1931, P. L. 280, as amended, supra, where the bid exceeds the taxes, interest and costs, as here, requires the purchaser to make and execute a surplus money bond to the county treasurer. The provisions of section 13 of the act governing the bond are as follows:

"After any sale of property or lands for delinquent taxes has been confirmed by the court, as aforesaid, it shall be the duty of the purchaser or purchasers, where the bid exceeds the taxes, interest, and costs, as aforesaid, to make and execute to the said treasurer, for the use of the persons entitled, a bond for the surplus money that may remain after satisfying and paying all the taxes, interest, and costs, as aforesaid, with warrant of attorney to confess judgment annexed thereto, and it shall be the duty of said treasurer to forthwith file said bond in the office of the prothonotary of the proper county, at the number and terms where said report and return is filed; and the surplus bond filed as aforesaid, from the time of the date of the deed for property thus sold, shall bind, as effectually and in like manner as judgments, the land by said treasurer sold into whose hands or possession it may come; and the owners of said lands, at the time of sale, their heirs or assigns, or other legal representatives, may, in not less than two years or more than five years after confirmation of such sale, cause judgment to be entered in said court upon said bond, in the name of said treasurer, for use of said owners, their heirs, assigns or legal representatives (as the case may be) ; and in case the moneys mentioned in said bonds, with legal inter-

est thereon, be not paid within thirty days after judgment thereon, execution may issue against the property therein before sold, and said property may be sold upon writ of fieri facias, without condemnation or inquisition or the benefit of any exemption laws": Act of May 29, 1931, P. L. 280, sec. 13.

Since the total taxes, interest and costs were $74.26, and petitioners bid $1,650 for the property, it appears they had competition at the sale. In Commonwealth v. Roberts, 12 D. & C. 2d 429, interpreting section 10, the court said: ". . . if the bid is competitive and the successful bidder pays only the taxes, interest and costs, which is all that is required under subsection (ii) then complete settlement is deferred pending payment of the balance or filing of a surplus bond. In such event, before this settlement is made, and at the time of sale, the treasurer then must require payment of an additional 25 percent".

If settlement is made by the filing of a bond in the proper amount, the claim of the purchaser for the return of the additional 25 percent is a valid one. For only if settlement does not occur as required may the 25 percent additional be forfeited. This was the result in Apthorp Estate Sale, 27 D. & C. 2d 680. There, former owners petitioned the court for an order directing the county treasurer to pay over to them a $25 payment made by a purchaser at a treasurer's sale. The bid was $117.38, and the taxes, interest and costs were $17.38. The bidder paid $17.38 and an additional sum of $25. The court said the $25 payment was made on the theory it was required by the 1956 amendment to the Act of 1931, supra. The bidder also gave the treasurer a surplus bond in the amount of $100. The court denied the petition and directed the $25 refunded to the purchaser who had deposited it. There, the surplus bond was in the proper amount.

In the present case, however, the bond was not in the

correct amount. Section 13 states that where the bid exceeds the taxes, interest and costs, purchasers' bond should be for the surplus money that may remain after satisfying and paying all the taxes, interest and costs. The bid price here was $1,650. The taxes, interest and costs were $74.26. The bond should have been in the amount of $1,575.74, not $1,163.74. If it had been filed in the proper amount, the former owner would have received everything he is entitled to, and the $412 could not be forfeited and would be returned to purchasers: Apthorp Estate Sale, supra.

Petitioners contend that the 25 percent additional pending settlement is in the nature of costs and subject to being refunded if the purchaser complies with the provisions of the act by filing a bond in an amount computed by deducting both $74.26 and $412 from the bid price. We cannot agree that the legislature ever intended the 25 percent additional to be costs. The act itself rebuts this proposition, for it states in the event the 25 percent additional is forfeited, it shall be disposed of the same as purchase money. Purchase money can only mean the original amount or consideration which the purchaser agreed to pay for the property. When, as here, there is no claim against it by the county, purchase money is payable to the former owner.

Purchasers failed to make complete settlement at the time and in the manner provided. The 25 percent additional is, therefore, subject to being forfeited and disposed of as purchase money. Settlement could have been made by paying the sum of $1,650 in full. But, as is said in Commonwealth v. Roberts, supra, no advantage is gained by a purchaser paying the balance at the time of sale or during the redemption period, so obviously the practice most commonly used is to file the surplus bond. If, however, settlement had been made by paying cash, the former owner would have

his $1,575.74, and the county treasurer his taxes, interest and costs in the amount of $74.26.

In the present case, we can arrive at that same result by forfeiting the $412 and applying it to the purchase price by paying it to the former owner. Then, since the former owner has already received $1,163.74 by his action on the bond, he is made whole.

Our attention has been called to Commonwealth v. Smith, 13 D. & C. 2d 343, which holds section 10, as amended, to be void both as an unreasonable burden on lien creditors and because it is so indefinite as to be impossible of just and fair enforcement. The case is distinguishable because we do not have a lien creditor here. But if we did agree that the act was void, the holding would lead us to the conclusion that the deposit was a nullity, the amount of the surplus money bond was inadequate and settlement had not been completed as required in the act. But $412 being available, it should be paid to the former owner.

The simple conclusion is that the property was bid to $1,650. The former owner should get that amount, less taxes, interest and costs. This can be accomplished without avoiding the sale by the following

### ORDER OF COURT

Now, February 4, 1966, the sum of $412 paid by Robert Stewart and Waldo Stewart, petitioners, to the Treasurer of Franklin County following their successful bid of $1,650 for the property of Charles A. Buchanan and Esther M. Buchanan (the latter now deceased), and by the county treasurer paid to the Commissioners of Franklin County, is hereby forfeited, and it is directed that said Commissioners of Franklin County shall pay the same to Charles A. Buchanan, surviving former owner. Costs of these proceedings shall be paid by petitioners. Exception granted to petitioners.